BURROWES et al. v. FERGUSON BROS. MFG. CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 168.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FOLDING TABLE.

The Burrowes patent, No. 766,988, for a folding table, claim 4, is void for lack of invention. Claims 5 and 6, which are for variation in details of prior structures only, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

Suit in equity by Edward T. Burrowes and the E. T. Burrowes Company against the Ferguson Bros. Manufacturing Company. Decree for defendant (198 Fed. 136), and complainants appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from a decree of the District Court, Southern District of New York, dismissing the bill in a suit to restrain the alleged infringement of letters patent No. 766,988, issued August 9, 1904, to Frank T. Burrowes, assignor, for an improvement in folding tables. The claims in issue read as follows:

"4. In a foldable stand, pivoted legs, blocks arranged adjacent to one side of the legs when said legs are folded, and braces for the legs at the side thereof opposite the blocks, said braces being formed of springy material and arranged when closed to force the legs into frictional holding engagement with the blocks.

"5. In a card table, the combination with an open supporting frame, having a plurality of cross-bars flush with the upper surface of the frame, legs secured to the frame, a top co-extensive with the frame and formed of fiber board fixedly secured to the frame and cross-bars, a flexible protective covering extending over the top and along the outer faces of the frame, and a surrounding molding secured to the outer faces of the frame and against the edges of the covering, whereby the covering is secured in place and the edges of the thin top protected.

"6. A card table consisting of an open frame rigid cross-bars whose upper faces are flush with the supporting-surface of the frame, a top formed of thin material such as fiber board having the edges secured to the supporting-surface of the frame, and resting on the cross-bars, a flexible protective covering for the top extending over the edges thereof and secured to the frame, and a surrounding molding secured to the frame and against the edges of the covering whereby the edge of the thin top and cover are protected."

L. S. Bacon, of Washington, D. C., C. C. Linthicum and C. E. Dunn, both of New York City, and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellants.

E. C. Seward (J. P. Bartlett, Brown & Seward, and Wm. McK. Barber, all of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The patentee lays especial stress in the specification upon the compact form of his table when folded, but that is not an element of any of the claims. So the lightness of the table is urged as a meritorious feature, but that is not mentioned in the claims and is only to be inferred from the specification. The claims in issue are for particular forms of construction and upon their face are narrow in scope. We are aided but little in determining whether they are valid and infringed by reference to the merits of the complainants' commercial article. We must consider them as they stand.

Taking up claim 4: It has reference to a folding stand having (1) pivoted legs; (2) blocks arranged adjacent to one side of the legs when folded, and (3) braces of springy material opposite the blocks. Broadly, the claim covers a structure in which the legs are kept closed by being pressed against blocks by springs. Looking into the prior art to see whether this claim is anticipated, we find the Bowen patent No. 515,462. This patent is for a folding table which has pivoted legs, blocks and spring braces similar to and working in the same way as those elements in claim 4. The only distinction is that the blocks in the Bowen patent engage the legs at all times and not merely when they are closed. We think, however, this distinction insufficient to avoid anticipation. And if strict anticipation be not shown, it is clear that with the Bowen patent in the prior art, there is no invention in claim 4. The claim is held to be invalid.

In considering the next claim in issue—claim 5—we may conveniently determine first whether infringement is shown. If it is not, we need not examine the question of validity.

Claim 5 has these elements:

(1) An open supporting frame with flush cross-bars;

(2) Legs secured to the frame;

(3) A fiber-board top co-extensive with the frame and secured to the frame and cross-bars;

(4) A flexible covering extending over the top and along the outer faces of the frame;

(5) A surrounding molding secured to the outer faces of the frame for holding the covering in place and protecting the edges of the top.

The question then is whether the defendant's structure possesses these elements, and this may be narrowed into the inquiry whether it has the last three. Considering, then, whether the top of the defendant's structure is co-extensive with the frame, we find that it is not. The top is set into the frame. So the covering in the defendant's structure does not extend over the top and along the outer faces of the frame. It is glued into the top of the frame. So in the defendant's structure there is no surrounding molding for the purposes stated in the claim. Indeed there is no surrounding molding at all.

As, then, the defendant's structure does not possess three of the elements of claim 5, infringement is not shown unless the complainants are helped by the doctrine of equivalents. But this is not a case where that rule has any substantial part. Earlier patents show that the methods employed by the patentee with respect to the side rail construction and the arrangement for fastening the covering were old, and it is doubtful whether there was novelty in the organization of the frame with the cross-bars. Accepting the validity of the claim, it is so limited in its scope by the prior art as to cover little other than the form of construction described. It marks no decided advance in the art. Moreover the scope of the claim is limited by its terms. A patentee who limits his claim to particular forms, cannot be heard to complain that a person is an infringer who uses materially different forms. The language of the claim may be such as to exclude the doctrine of equivalents. Where a surrounding molding to hold a covering to a frame is required, a one-piece frame cannot be regarded as an equivalent even though a part of it be considered the molding. Such construction would not pinch and hold the covering. So where the requirements are specifically that the top shall be coextensive with the frame, and that the covering shall extend along its outer faces, it cannot be considered an inconsequential change to set the top into the frame and to keep the covering away from the outer faces. It is true that these are slight distinctions and that the defendant may appropriate the substance of that which the patentee regarded as his invention. The difficulty is that the claim is for small details and those details the defendant does not employ. The patentee could not get broad claims. He accepted claim 5 as it is, and as it is it does not read upon the defendant's structure and cannot be strained to do so by any established principles of construction.

For these reasons it is held that claim 5 is not infringed. Claim 6 differs slightly from claim 5, but the differences are not sufficient to prevent the reasons which negative infringement with respect to the latter from showing non-infringement of the former.

The decree of the District Court dismissing the bill is affirmed with costs.